N. J. BRADLEY, Administrator, v. NASHVILLE, CHAT-
TANOOGA & ST. LOUIS RAILWAY.

1. RAILROAD. *Personal injuries. Damages. Fellow-servants.* If a yard-
man is killed while coupling cars by request of the engineer, by the
negligence of the engineer, it not being a part of the duty of the
yardman to couple the cars, a recovery cannot be had against the
railroad. To entitle a recovery it must be shown that deceased
was in the line of his employment, and met his death by the negli-
gence of a fellow-servant having control of him.

2. SAME. *Improved machinery. Damages.* A railroad company is bound
to provide its cars with such fixtures and apparatus as are calculated
to insure the safety of its employes, but it is not necessary to
change the machinery to apply every new invention. If they were
such as are in common use, and were safe and fit for the purpose
used, although not as safe as another kind, the company woud not
be liable.

FROM DAVIDSON.

Appeal in error from the Circuit Court of David-
son county. FRANK T. REID, J.

Bradley *v.* Railroad Company.

BATE & WILLIAMS for Bradley.

EAST & FOGG for Railroad Company.

DEADERICK, C. J., delivered the opinion of the court.

This is a suit brought in the circuit court of Davidson county by N. J. Bradley, administrator, for damages for causing the death of his intestate. The verdict and judgment below were for defendants, and plaintiff has appealed in error to this court.

The Referees have recommended an affirmance of the judgment of the circuit court, and the plaintiff has filed exceptions to their report.

The deceased was crushed between the cars and the tender in uncoupling them. Precisely how the accident occurred is not shown, as the testimony of the witnesses present was, there was no apparent movement of the tender or cars after deceased went between them. It also appears that his sides were turned to the tender and cars instead of his front and back, which would have been the safer and more proper attitude.

The first exception to the report is, that it was error to hold and report that it was no part of the duty of deceased to uncouple the cars. The deceased was employed as a switchman in the yard of defendant at Nashville, where the accident occurred, and had been in the habit of uncoupling cars on their arrival in said yard. But we think the evidence does show, as reported by the Referees, that this was no part of his duty under his employment, but was

done as a matter of accommodation to the engineer, at his request, or for the brakeman, the duty belonging to the latter employe.

The second exception is, that the Referees erred in holding or intimating that the cars nor engine moved after deceased went between them.

The Referees state the evidence correctly, but they do say that "deceased was killed by the force of the car or engine," and therefore do not report that the engine or car did not move.

The third exception is, that the Referees erred in sustaining the ruling of the circuit judge excluding plaintiff's question, "what crushed him?"

The objection to this question was, probably, that it assumed as fact that which ought to have been proved; that is, deceased was crushed, and this fact abundantly appeared from other evidence in the case, and was not controverted.

The fourth exception is, that a witness was not allowed to describe a link between the tender and a car. We do not see any objection to the question, nor is any reason given for its exclusion. But other witnesses were examined, and testified upon this point, and it does not appear that any injury resulted to complainant from the ruling of the court.

The fifth exception is to the refusal to grant a new trial upon affidavits of plaintiff and Luke Burns. The affidavits show that Burns, a railroad man, would testify that it is the custom and duty of railroad companies to have yardmen, whose duty it is to switch

and couple cars. There was evidence in this case upon this point by both sides, and the weight of it was that deceased was not charged with the duty of coupling or uncoupling cars, although he did sometimes voluntarily perform those services. The evidence would be cumulative, and would not show that deceased was bound to perform this particular duty. It was therefore no error, as reported by Referees, to refuse a new trial upon these affidavits.

The sixth exception is, that the charge is erroneous in saying "if the proof satisfied the jury that Bradley came to his death by reason of his negligence or want of care," plaintiff could not recover.

It has been held by this court that as between a railroad company and its employes, the former's liability for injuries from the misconduct or negligence of its agents must be determined, not by our statutes, but by common law principles: 9 Heisk., 276. The statement of the court is, as far as it goes, correct, but there are qualifications of the general rule announced. And although not specially requested to do so, his Honor did, in subsequent parts of his charge, qualify the general rule announced by the instruction that if the deceased came to his death through his negligence, or want of care or skill of other servants of defendants, plaintiff could not recover, unless the proof satisfied the jury that the servants through whose negligence he came to his death were engaged in a separate and different department of work, having no connection with that in which he was engaged, or if employed in the same department as himself, stood in

the relation of superiors, and had command and control of him. "If the injuries were the result of Bradley's negligence, or if he could have avoided the injuries by ordinary care, plaintiff cannot recover unless the defendant was guilty of a greater degree of negligence, which was the direct cause of the injury, and then plaintiff can recover." His Honor further instructed the jury if Bradley was in the line of his duty, and through the negligence of a fellow-servant met his death, or by reason of unsafe or unsuitable machinery, he could recover. The foregoing instructions, we think, are correct, and taken together, remove any objections to the part of the charge excepted to.

The seventh exception is that the judge erroneously instructed the jury, if deceased was not employed by the company to couple and uncouple cars, and that that was no part of his duty, and the company had other men present who were charged with this duty, and deceased, at request of engineer, having no authority to order him to do so, volunteered to uncouple the cars, and met his death, plaintiff could not recover, although the death may have been occasioned by the negligence of the engineer or by unsafe machinery, and to entitle plaintiff to recover, it must appear that Bradley was in the line of his employment, and met his death through the negligence of a fellow-servant having command or control of him, or by reason of unsafe machinery.

If the engineer, as assumed in the charge, had no authority to order deceased to uncouple cars, and it was no part of his duty to do so, the company

could not be made liable for any injuries resulting to him from the unauthorized order or conduct of the engineer. And this is in substance so held in *Railroad* v. *McDaniel*, 12 Lea, 386.

The eighth exception is to a supposed error in the charge, as follows: The court said, "was it (the death of intestate) caused by the negligence or carelessness of the engineer, and if so, did the engineer have command and control of him at the time, and was he acting under the engineer's orders? If so, the company is liable." So it would be if acting in the line of his duty, if the death was caused by unsafe and unsuitable apparatus for coupling and uncoupling cars.

It is argued for plaintiff in error that although an engineer and brakeman have been held by this court to be fellow-servants, and ordinarily the brakeman cannot recover for injuries received by the engineer's negligence, yet if the brakeman was acting under his orders at the time injury was sustained by the engineer's negligence, the company would be liable. And the case of the *Railroad* v. *Wheless*, 10 Lea, 748, where it is said that the company may be held liable to a brakeman for the negligence of an engineer, where the former is in fact acting under the orders of the latter. In that case it was held that the person performing service as brakeman, and the engineer, were in its legal signification fellow-servants, and that where there was no want of care in selecting and employing a servant, or in failing to discharge him after he is known to be incompetent, a fellow-

servant in a common employment and in the same department of service, not acting under the orders or in subjection to the first, has no remedy for injurie: resulting from his negligence. See also 6 Heis., 362.

But we understand the 10th Lea case to mean that the company would be liable for the engineer's negligence for injuries to brakeman, when acting under the former's orders, in cases where the engineer had authority to give, and the brakeman was bound to obey, such orders. In that case the engineer would be the superior of the brakeman: *Ibid*, 746–7. So that if they were, as they probably were in fact, fellow-servants, the brakeman could not recover of the company. If, however, they be considered as servants in different departments, the plaintiff could not recover, for the engineer would · have no right to give him orders, nor would he be bound to obey such orders: 12 Lea, 386.

The ninth exception is to the charge of the court in instructing the jury that the company was bound to provide its cars with such fixtures and apparatus as were calculated and reasonably necessary to insure the safety of its employes. ·This instruction was repeated in other parts of the charge, and the judge added that "it is not necessary to change the machinery and fixtures in order to apply every new invention or supposed improvement. If the proof satisfies you that the necessary apparatus or fixtures, the drawheads, coupling-pin, links, etc., attached to the engine and the car were such as were in common use, and were safe and fit for the purpose for which they were used

Bradley *v.* Railroad Company.

although in the opinion of the jury not as safe as another kind, yet the company would not be liable on this ground." "But," said his Honor, "if the machinery or apparatus was unsafe, and not such as should have been used, having in view the safety of employes, and deceased came to his death by reason thereof, the plaintiff is entitled to recover."

Plaintiff requested the court, in request No. 1, to charge that defendants were bound to have their cars and tenders so constructed as to be as safe as care and skill could make, and up to the state of the art at the time, etc.

The charge as given was correct, and the defendants were not bound to abandon the use of all their rolling stock and obtain new cars and tenders and engines whenever some supposed improvement is made, and so the judge in effect told the jury, but as the judge also instructed them, the company was bound to provide such appliances and apparatus as reasonably to insure the safety of its employe. The other parts of the request were given in charge in substance in the original charge, and there was no error in refusing to charge as requested.

The tenth exception is not well taken, and is disposed of in the holding in respect to exception eight.

Requests Nos. 2, 3 and 4 ignore the relation of the deceased to the engineer, and would have been proper only with the qualification that the jury should believe that the engineer was the superior of deceased, and had a right to give him orders which he was bound to obey.

Request No. 5 was charged by the court, and the judge had already charged in substance as requested Nos. 2, 3 and 4, with the qualification indicated.

Upon the whole we are of opinion that the report of the Referees should be confirmed.